Ch 13 Model Plan (rev 11-2017)

## UNITED STATES BANKRUPTCY COURT
### Southern District of Indiana

In re:
[Name(s) of Debtor(s)]

TRENT JOSEPH FICKLIN

ANGEL CATHERINE FICKLIN

Debtor(s).

Case No. __-_____
(xx-xxxxx)

### CHAPTER 13 PLAN

☑ Original

** MUST BE DESIGNATED **

1. **NOTICE TO INTERESTED PARTIES:**

   The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if neither box is checked, or if both boxes are checked, the provision will be ineffective if set out later in the plan.

   1.1 A limit on the amount of a secured claim, pursuant to paragraph 8.(b), which may result in a partial payment or no payment at all to the secured creditor. ☐ Included ☑ Not Included

   1.2 Avoidance of a judicial lien or nonpossessory, non-purchase money security interest. Any lien avoidance shall occur by separate motion or proceeding, pursuant to paragraph 12. ☑ Included ☐ Not Included

   1.3 Nonstandard provisions, set out in paragraph 15. ☑ Included ☐ Not Included

2. **GENERAL PROVISIONS:**

   (a) YOUR RIGHTS MAY BE AFFECTED. Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Court.

   (b) PROOFS OF CLAIM: You must file a proof of claim to receive distributions under the plan. Absent a Court order determining the amount of the secured claim, the filed proof of claim shall control as to the determination of pre-petition arrearages; secured and priority tax liabilities; other priority claims; and the amount required to satisfy an offer of payment in full. All claims that are secured by a security interest in real estate shall comply with the requirements of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

   (c) NOTICES RELATING TO MORTGAGES: As required by Local Rule B-3002.1-1, all creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1 (b) and (c) without regard to whether the real estate is the Debtor's principal residence. If there is a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the new servicer, the payment address, a contact phone number and a contact e-mail address.

1

(d) NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES): Non-mortgage creditors in Section 8(c) (whose rights are not being modified) or in Section 11 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

(e) EQUAL MONTHLY PAYMENTS: As to payments required by paragraphs 7 and 8, the Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(f) PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY: Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

3. SUBMISSION OF INCOME: Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

4. PLAN TERMS:

   (a) PAYMENT AND LENGTH OF PLAN: Debtor shall pay $ 562.98 monthly to the Trustee, starting not later than 30 days after the order for relief, for 36 months, for a total amount of $ 20,267.28.

   Additional payments to Trustee and/or future changes to the periodic amount proposed are:

   > one-half of any settlement from the pending contingent and unliquidated claim against Mid-America Sales Associates, Inc. to be paid into the plan

   (b) INCREASED FUNDING: If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. However, if the Trustee elects to take less than 100% of the property to which the estate may be entitled OR less than the amount necessary to pay all allowed claims in full, then a motion to compromise and settle will be filed, and appropriate notice given.

   (c) CURING DEFAULTS: If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor(s) will increase the periodic payment amount or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

   (d) OTHER PLAN CHANGES: Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329. Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(h), unless otherwise ordered by the Court.

5. **PAYMENT OF ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**

   ☐ NONE

   All allowed administrative claims will be paid in full by the Trustee unless the creditor agrees otherwise:

   | Creditor | Type of Claim | Scheduled Amount |
   |---|---|---|
   | Gary Allen | attorney fee | $3,800.00 |

6. **PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:**

   ☐ NONE

   (a) Ongoing Domestic Support Obligations. Debtor shall make any Domestic Support Obligation payments that are due after the filing of the case under a Domestic Support Order directly to the payee.

   (b) Domestic Support Obligation Arrears.

   ☐ NONE

   The following arrearages on Domestic Support Obligations will be paid in the manner specified:

   | Creditor | Type of Claim | Estimated Arrears | Treatment |
   |---|---|---|---|
   | Terri Ficklin | child support | 4,000 | cure arrearage through plan |

7. **PAYMENT OF SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE:**

   ☐ NONE

   As required by Local Rule B-3015-1(a), if there is a pre-petition arrearage claim on a mortgage secured by the Debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the Debtor may pay the secured creditor directly. Before confirmation, the payment to the mortgage lender shall be the regular monthly mortgage payment unless otherwise ordered by the Court or modified pursuant to an agreement with the mortgage lender. After confirmation, payment shall be as set forth below. Equal Monthly Amount and Estimated Arrears listed below shall be adjusted based on the filed claim and/or notice. <u>Delinquent real estate taxes and homeowners' association or similar dues should be treated under this paragraph.</u>

   | Creditor | Residential Address | Estimated Arrears | Equal Monthly Amount | Select One for Mortgages ONLY: |
   |---|---|---|---|---|
   | Larry Carpenter | 8306 Crystal Rd., Dubois, IN | $0.00 | $750.00 | ○ Trustee pay<br>● Direct pay |

   No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.

3

8. **PAYMENT OF SECURED CLAIMS OTHER THAN CLAIMS TREATED UNDER PARAGRAPH 7:**

   (a) Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Not Applicable:

   ☐ NONE

   Pursuant to Local Rule B-3015-3, and unless otherwise ordered by the Court, prior to plan confirmation, as to secured claims not treated under paragraph 7 and as to which valuation under 11 U.S.C. § 506 is not applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of a filed secured claim. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim the filed claim amount with interest at the rate stated in column 5.

   | (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Est. Claims Amount | (5) Interest Rate | (6) Equal Monthly Amount |
   |---|---|---|---|---|---|
   | French Lick Auto | 2005 Jeep Grand Cherokee | 04/20/19 | $6,500.00 | 6.5% | $219.30 |

   (b) Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Applicable:

   ☑ NONE

   (c) Curing Defaults and/or Maintaining Payments:

   ☑ NONE

   (d) Surrendered/Abandoned Collateral:

   ☐ NONE

   The Debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. § 362 is terminated as to, the listed collateral and the automatic stay pursuant to 11 U.S.C. §1301 is terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in paragraph 10.(b) below. Upon confirmation, the secured creditor is free to pursue its in rem rights.

   | Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
   |---|---|---|
   | Credit Acceptance | 2007 Ford Expedition | $3,500.00 |

9. **SECURED TAX CLAIMS AND 11 U.S.C. § 507 PRIORITY CLAIMS:**

   ☑ NONE

10. **NON-PRIORITY UNSECURED CLAIMS:**

4

(a) Separately Classified or Long-term Debts:

☑ NONE

(b) General Unsecured Claims:

◉ Pro rata distribution from any remaining funds; or
○ Other: _____

11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

☐ NONE

All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| Larry Carpenter | contract for deed | debtors shall pay payments directly to creditor outside the plan |

12. AVOIDANCE OF LIENS:

☐ NONE

Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| Dubois-Pike Federal Credit Union | 8306 Crystal Rd., Dubois, IN | $1,045.66 |
| Holiday Foods, LLC | 8306 Crystal Rd., Dubois, IN | $983.75 |
| James Meyer/Ruth Smith | 8306 Crystal Rd., Dubois, IN | $1,856.71 |
| Gary Heeke | 8306 Crystal Rd., Dubois, IN | $1,606.27 |

13. LIEN RETENTION: With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of a discharge order under 11 U.S.C. §1328.

14. VESTING OF PROPERTY OF THE ESTATE: Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. §1306.

5

15. NONSTANDARD PROVISIONS:

☐ NONE

Under FRBP 3015(c), nonstandard provisions are required to be set forth below. Any nonstandard provision placed elsewhere in the plan is void. These plan provisions will be effective only if the included box in Paragraph 1.3 of this plan is checked.

Debtors may incur post-petition debt in accordance with Local Rule B-4001-3.

French Lick Auto - 1997 Ford Ranger and 2005 Jeep Grand Cherokee - adequate protection payments will continue until the claim for attorney fees filed by the Debtor's counsel has been paid in full

Date: 5/10/2019

_____
Signature of Debtor

Trent Ficklin
Printed Name of Debtor

_____
Signature of Joint Debtor

Angel Ficklin
Printed Name of Joint Debtor

Gary Allen
_____
Signature of Attorney for Debtor(s)

| | |
|---|---|
| Address: | 115 E. Spring St., Suite 325 |
| City, State, ZIP code: | New Albany, IN 47150 |
| Area code and phone: | (812) 945-5606 |
| Area code and fax: | |
| E-mail address: | garyallenlaw@sbcglobal.net |

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form plan adopted by this Court, other than any nonstandard provisions included in paragraph 15.